Filed 10/26/15  San Diego Natives Holding Co. v. Hughes CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO NATIVES HOLDINGS COMPANY, LLC et al., <br><br> Plaintiffs, Cross-defendants and Appellants, <br><br> v. <br><br> RALPH E. HUGHES, Individually and as Trustee, etc., <br><br> Defendant, Cross-complainant and Respondent. | D066004 <br><br><br> (Super. Ct. No. 37-2009-00090232-CU-OR-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County, Judith F. Hayes, Judge.  Affirmed.

The Markow Law Group and Gregory Starr Markow; Law Offices of Darrell Palmer and Darrell Palmer for Plaintiffs, Cross-defendants and Appellants.

Ralph E. Hughes, in pro. per., for Defendant, Cross-complainant and Respondent.

This court ruled in a previous opinion regarding the underlying property dispute between appellants Eric W. Ireland and San Diego Natives Holding Co., LLC (SD

Natives) and respondents Ralph E. Hughes and Hughes Family Trust (collectively Hughes), that the parties had not entered into a partnership agreement. (*San Diego Natives Holding Co., LLC v Hughes* (October 3, 2013, D061523) [nonpub. opn.] (*SD Natives I*).) We remanded the matter solely for the trial court to determine if the parties had agreed to hold the subject commercial property as tenants in common. The trial court on remand so found. It also appointed a receiver. Its statement of decision did not address two issues appellants had raised in their request for such a statement.

Appellants contend that on remand the trial court erroneously (1) declined their request for a statement of decision addressing the parties' agreement to enter into a tenancy in common; (2) concluded the parties were tenants in common; (3) failed to order the parties to pay property expenses on a pro rata basis; and (4) appointed a receiver. Hughes requests we dismiss the appeal as premature. We decline to dismiss the appeal, and affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

In *SD Natives I* we concluded: "Although the parties failed to agree on a partnership, they did agree Ireland had a two-thirds and Hughes had a one-third ownership interest in the property. At oral argument, Ireland's counsel conceded that point. For guidance to the trial court on remand, we note that based on the record at trial and counsel's concession, it appears to us the parties are tenants in common, and Ireland and Hughes enjoy a two-third and one-third ownership interest respectively in the property, its rents and expenses." We directed the trial court "to rely on the existing record to ascertain what rights, if any, each party retains in the subject property."

2

On remand, the parties submitted written briefs addressing the question we posed. The trial court issued its tentative ruling on February 13, 2014. The next day during a brief hearing, Hughes moved for appointment of a receiver, and SD Natives's counsel stated it had responded to the motion. Appellants also orally requested a statement of decision, stating they would make the request in writing later. The matter was submitted at the end of the hearing. On February 21, 2014, appellants requested a statement of decision regarding the following questions: (1) "On what date did the tenancy in common arise"; (2) "Who (what person, persons or entity) transferred the tenant in common interest to Mr. Hughes"; and (3) "By what means was the tenancy in common conveyed (or, if it arose without a conveyance, how did it arise). That is, if it was an oral transfer, what were the particulars of the oral communication, and if it was a written transfer, what was the writing that accomplished the transfer?"

In its March 19, 2014 statement of decision, the trial court declined to answer appellants' last two points raised in their request, concluding: "On November 18, 2011, the Court issued a Statement of Decision in this action. To the extent plaintiff believes the Court's previous Statement of Decision was inadequate, the time to object has passed."

The trial court ruled the parties had entered into a tenancy in common: "Since August 12, 2008, Plaintiff Ireland holds a two-thirds interest in the property and defendant Hughes owns a one-third interest in the property. This ownership distribution was not disputed in the Trial Court or in the Court of Appeal. The transfer of this property was implicit in the transaction and relationship of the parties based on Ireland's

3

purchase of the property for $1,200,000 and Hughes' pre-purchase leasehold and certain benefits he relinquished under the 2003 lease/stipulated judgment. The parties' conduct also evidences this arrangement. Ireland financed his portion of the purchase price by obtaining a mortgage which is his sole responsibility." The court reiterated: "Hughes owns an undivided one-third interest in the property. This interest is not merely possible or theoretical. The issue of ownership has been determined. The transactions claimed by the parties are relatively complex and continued over a number of years."

The trial court also granted Hughes's motion to appoint a receiver: "Because the parties are tenants in common, the income and expenses must be divided according to the pro-rata share of ownership. However, Ireland has excluded Hughes from participation in the ownership of the property, and has excluded Hughes from access to the business records relating to determination of Hughes' share of profits and expenses. Ireland has prevented Hughes from enjoyment of any share in its profits and from any and all knowledge of its transactions. [¶] Ireland has kept all the rental income, and has provided no accounting or explanation to Hughes or to the Court as to the disposition of rents or expenses. It appears that Ireland has misappropriated the large sums of income from the property to his own use."

On April 29, 2014, appellants moved the trial court to enter judgment pursuant to the March 20, 2014 ruling that, appellants asserted, had "finally determined the factual and legal issues required by the opinion of the Court of Appeal." Appellants added, "There are no more factual or legal issues in the case for the Court to determine."

4

In May 2014, the trial court denied appellants' motion for reconsideration of its order appointing a receiver: "Appointment of a receiver is necessary and appropriate to carry the judgment into effect, to dispose of the property according to the judgment, and to preserve it during the pendency of appeal. . . . [¶] Hughes owns an undivided one-third interest in the subject property and is entitled to an accounting and to a portion of the monthly income from the property. [¶] Since 2008, Ireland has denied Hughes access to the books and records relating to the property as well as to any share of the income from the property. As the Court found in its order issued in November 2011 and in March 2014, the mortgage on the property is the sole obligation of Ireland. Nevertheless, it appears to the Court that the rental income from the property has been diverted by Ireland to pay his mortgage payments. [¶] Over the past years, as a result of Ireland's actions. Hughes' financial condition has deteriorated. Hughes, who is an elder with very limited resources, requires access to his share of the rental income from the property to pay his living expenses. It is clear that by prolonging the litigation, and, withholding any payment to Hughes, Ireland aims to attain a strategic advantage over Hughes. [¶] Hughes and Ireland have repeatedly demonstrated an inability to agree on any important issues related to the operation of the subject property. [¶] Appointment of a receiver is necessary to preserve the rights of the interested parties."[1]

---

[1] We did not locate in the record a copy of appellants' motion for reconsideration.

5

DISCUSSION

I.

*We Decline Hughes's Request to Dismiss the Appeal*

Hughes requested we strike appellants' opening brief, arguing the trial court's ruling was interlocutory under Code of Civil Procedure section 904.1.[2] We denied the request without prejudice to his briefing the issue of the appealability of the trial court's March 20, 2014 ruling. In his opening brief, Hughes requests we dismiss this appeal as premature: "The court clearly did not intend for the March 29, 2014, ruling to be the final judgment. The trial court is evidently awaiting the receiver's accounting, and will then resolve the accounting issues, i.e. who owes who and how much, and then it will enter a final judgment. This appeal should be dismissed for lack of jurisdiction." Hughes alternatively contends appellants waived their right to appeal by voluntarily accepting the fruits of the judgment.[3]

"Code of Civil Procedure section 904.1 is '[t]he principal statute [that] defines the scope of appellate jurisdiction in the Court of Appeal. . . .' [Citation.] Generally

---

[2]    Statutory references are to the Code of Civil Procedure unless otherwise stated.

[3]    With no citation to the record, Hughes argues: "Immediately after the statement of decision was issued, appellants began their several verbal and written demands commanding Hughes to comply with the judgment and vacate the property. On February 9, 2012, appellants also sought to judicially enforce the judgment. Appellants filed an ex parte application for order shortening time for writ of possession. Appellants even collected rents under the Riley lease, which would otherwise be due to Hughes in the event of a reversal. Appellants also demanded payment for rents accrued pursuant to the judgment. Under appellants' threats [of] the prospect of forcible eviction, Hughes vacated the property he held under the leases, and appellants accepted possession." (Some capitalization omitted.)

6

speaking, only final judgments are appealable under the statute." (*Mercury Interactive Corp. v. Klein* (2007) 158 Cal.App.4th 60, 75.)  "In keeping with this rule, section 904.1 generally authorizes appeals from superior court judgments, except those which are interlocutory.  (§ 904.1, subd. (a)(1).)  Further, when an appeal is taken pursuant to section 904.1, the reviewing court may review 'any intermediate ruling, proceeding, order or decision which involves the merits or necessarily affects the judgment or order appealed from or which substantially affects the rights of a party.'  (§ 906.)" (*Doran v. Magan* (1999) 76 Cal.App.4th 1287, 1293.)

"It is the substance and effect of the adjudication, and not the form, which determine if the order is interlocutory and nonappealable, or final and appealable.  [Citation.]  If no issues in the action remain for further consideration, the decree is final and appealable.  But if further judicial action is required for a final determination of the rights of the parties, the decree is interlocutory.  [Citation.]  The decree will not be appealable 'unless it comes within the statutory classes of appealable interlocutory judgments.' " (*Doran v. Magan, supra,* 76 Cal.App.4th at p. 1293.)  We conclude the trial court's March 2014 ruling was final and appealable because the trial court decided the parties' substantive property rights as we had directed it to do.  Its conclusion the parties were tenants in common disposed of the substance of our inquiry.

"[W]here no issue is left for future consideration except the fact of compliance or noncompliance with the terms of the first decree, the decree is final.  [Citation.]  This general test must be adapted to the particular circumstances of the individual case." (*Palo Alto-Menlo Park Yellow Cab Company, Inc. v. Santa Clara County Transit District*

(1976) 65 Cal.App.3d 121, 129.)  Here, the only matter left pending by the trial court's ruling was the receiver's report, which merely involved compliance with the court's final order.  Therefore, we conclude that matter did not bar appellants from taking this appeal of the judgment.

In *S.D. Natives I*, we rejected Hughes's motion to dismiss the appeal brought on grounds that appellants had benefited from the fruits of the judgment.  Under the doctrine of the law of the case, that ruling is binding in this appeal and we likewise reject the same argument raised in this appeal.  (Accord, *Lucky United Properties Investments, Inc. v. Lee* (2013) 213 Cal.App.4th 635, 654 [" ' "The decision of an appellate court, stating a rule of law necessary to the decision of the case, conclusively establishes that rule and makes it determinative of the rights of the same parties in any subsequent retrial or appeal in the same case." ' "].)

## II.

### *Any Error in the Trial Court's Statement of Decision was Harmless*

Appellants contend that under section 632, the trial court erred by declining to issue a statement of decision as requested.

After the trial court issues its statement of decision, the parties have 15 days to object and bring any omissions or ambiguities to the court's attention so the court may correct them.  (Cal. Rules of Court, rule 3.1590(g).)  A party who fails to bring an omission or ambiguity to the court's attention waives the right to claim on appeal that the statement was deficient based on that omission or ambiguity, and the appellate court will

8

imply all findings necessary to support the trial court's decision. (*Ermoian v. Desert Hospital* (2007) 152 Cal.App.4th 475, 494-495.)

Here, the record does not show, and appellants do not argue, that they timely objected to the trial court's statement of decision on grounds it was nonresponsive to their request. As best we can determine from the minute order, their motion for reconsideration only challenged the court's decision to appoint a receiver. Further, in moving for entry of judgment, appellants stated the court's ruling was final and had resolved all factual and legal matters. Therefore, we conclude they forfeited their claim regarding the inadequacy of the statement of decision. "Securing a statement of decision is the first step, but is not necessarily enough, to avoid the doctrine of implied findings. Litigants must also bring ambiguities and omissions in the statement of decision's factual findings to the trial court's attention—or suffer the consequences." (*Fladeboe v. American Isuzu Motors Inc.* (2007) 150 Cal.App.4th 42, 58-59.)

Waiver aside, the claim fails on the merits. Section 632 states: "The court shall issue a statement of decision explaining the factual and legal basis for its decision as to each of the principal controverted issues at trial upon request of any party appearing at the trial." (Accord, *In re Cheryl E.* (1984) 161 Cal.App.3d 587, 599; *Miramar Hotel Corp. v. Frank B. Hall & Co.* (1985) 163 Cal.App.3d 1126, 1130 [the court need not address each question listed in the appellant's request]). A statement of decision facilitates appellate review by revealing the bases for the trial court's decision. (*In re*

*Marriage of Fong* (2011) 193 Cal.App.4th 278, 293.)[4]  The statement of decision does not need to specify the particular evidence considered by the trial court in reaching its decision.  (*Muzquiz v. City of Emeryville* (2000) 79 Cal.App.4th 1106, 1125.) Additionally, a statement of decision need only state ultimate rather than evidentiary facts "because findings of ultimate facts necessarily include findings on all intermediate evidentiary facts necessary to sustain them."  (*In re Cheryl E.*, at p. 599.)

"Where [a] statement of decision sets forth the factual and legal basis for the decision, any conflict in the evidence or reasonable inferences to be drawn from the facts will be resolved in support of the determination of the trial court decision."  (*In re Marriage of Hoffmeister* (1987) 191 Cal.App.3d 351, 358.)  Reversible error is found only where a statement of decision fails to make findings on a material issue that would fairly disclose the trial court's determination.  "Even then, if the judgment is otherwise supported, the omission to make such findings is harmless error unless the evidence is sufficient to sustain a finding in the complaining party's favor which would have the effect of countervailing or destroying other findings.  [Citation.]  A failure to find on an immaterial issue is not error.  [Citation.]  The trial court need not discuss each question listed in a party's request."  (*Hellman v. La Cumbre Golf & Country Club* (1992) 6 Cal.App.4th 1224, 1230.)

---

4     A statement of decision " 'also furnishes to the losing party a basis of his motion for a new trial; he is entitled to know the precise facts found by the court before proceeding with his motion for new trial, in order that he may be able to point out with precision the errors of the court in matters either of fact or law.' "  (*Whittington v. McKinney* (1991) 234 Cal.App.3d 123, 127.)

Here, Ireland testified at trial regarding his two-thirds and Hughes's one-third ownership rights in the property. Moreover, on appeal, Ireland's counsel conceded the trial court's finding on that point was supported by the record.[5] Therefore, the trial court was not required to provide a statement of decision setting forth the particular evidence it had considered in reaching its conclusion. It satisfied the statutory requirements by stating the ultimate facts, and its statement of decision sufficed to facilitate our review. Any deficiency in the statement of decision does not require reversal of the judgment.

III.

*The Court Did Not Err by finding the Parties are Tenants in Common*

Appellants contend the parties never intended to be tenants in common; there was no writing conveying an interest in the property to Hughes; the statute of frauds bars a tenancy in common; the parties' failure to create a partnership precludes the formation of a tenancy in common; and Ireland lacked the authority to form a tenancy in common under a limited liability company operating agreement requiring the consent of 80 percent of the members of SD Natives LLC before any transfer of ownership interest in the property could be made to Hughes.

---

5    Appellants argue they should not be bound by their counsel's concession at oral argument in *S.D. Natives I*. We disagree. The issue of the parties' respective ownership interests was a principal issue at trial. On appeal, counsel's concession came after a protracted debate during oral argument. "[S]tatements of counsel in argument are not deemed judicial admissions unless they have the formality of an admission or a stipulation." (*People v. Kiney* (2007) 151 Cal.App.4th 807, 815; *Fassberg Construction Co. v. Housing Authority of City of Los Angeles* (2007) 152 Cal.App.4th 720, 752 [oral statement by counsel in the same action is a binding judicial admission if the statement was an unambiguous concession of a matter then at issue and was not made improvidently or unguardedly]; *People v. Jackson* (2005) 129 Cal.App.4th 129, 161.)

11

In California, the ownership of property by several persons is either: (1) of joint interest; (2) of partnership interests; (3) of interests in common; or (4) of community interest. (Civ. Code, § 682.) If an estate is conveyed or transferred and it is not expressly declared an estate in joint tenancy (requiring concurrence of the four unities, time, title, interest and possession), or an estate in partnership, for partnership purposes (as determined by the intent of the parties), it will be held by the grantees or transferees as tenants in common. (*Estate of Horn* (1951) 102 Cal.App.2d 635, 640.) California favors tenancy in common, contrary to the common law favor of joint tenancies. (Civ. Code, § 686; *Swartzbaugh v. Sampson* (1936) 11 Cal.App.2d 451.) "Tenancy in common merely requires, for creation, equal right of possession or unity of possession." (*Wilson v. S.L. Rey, Inc.* (1993) 17 Cal.App.4th 234, 242.)

Here, as stated, substantial evidence in the form of Ireland's testimony and Appellants' counsel's concession in *S.D. Natives I* supported the trial court's finding the parties were tenants in common based on their possession of the property. In light of this evidence, appellants' arguments opposing the finding are unavailing and we need not address them further.

We reject appellants' claim the trial court erroneously failed to require the parties to pay a pro rata share of the expenses. To the contrary, the court expressly ruled: "Because the parties are tenants in common the income and expenses must be divided according to the pro-rata share of ownership."

12

## IV.

### *The Court Did not Err by Appointing a Receiver*

With no citation to the record or case law, Ireland contends the court had no grounds for appointing a receiver because the parties did not create a tenancy in common and therefore, contrary to the trial court's ruling, Ireland did not "convert" rental income funds purportedly owed to Hughes.

Section 564, subdivision (b)(3), provides for the appointment of a receiver to enforce the terms of a judgment. Although appointment of a receiver is an extraordinary measure, "[t]he appointment of a receiver rests within the discretion of the trial court." (*Gold v. Gold* (2003) 114 Cal.App.4th 791, 807-808.) As a substantive matter, "[w]here there is evidence that the plaintiff has at least a probable right or interest in the property sought to be placed in receivership and that the property is in danger of destruction, removal or misappropriation, the appointment of a receiver will not be disturbed on appeal." (*Sachs v. Killeen* (1958) 165 Cal.App.2d 205, 213.) The order appointing a receiver will be reversed on appeal only if there is a clear showing of an abuse of discretion. (*City and County of San Francisco v. Daley* (1993) 16 Cal.App.4th 734, 744.)

The trial court found the receiver was necessary because appellants were not distributing the required pro rata share of the rental income to Hughes. We conclude that the trial court's ruling on this matter, set forth above, was well reasoned and it was not arbitrary or capricious.

13

DISPOSITION

The judgment is affirmed.  Ralph E. Hughes and Hughes Family Trust are awarded costs on appeal.


                                                                    O'ROURKE, J.

WE CONCUR:


McCONNELL, P. J.


HUFFMAN, J.